FINE, EDWARD H., Associate Judge.
We affirm appellant’s conviction for vehicular homicide. The vehicle that she occupied at the time of the crash contained only appellant and Mr. Manning. At the trial her defense was that she was not the driver. We find that the trial court properly admitted her incriminating statement into evidence. We also find that appellant waived any claim of error from the trial court’s refusal to arrest a subpoenaed witness when the witness was informed to appear on a date two weeks prior to the actual start of the trial, and though appellant knew his general whereabouts and had been able to telephone him, never made any effort at all to inform him of the actual date to appear to testify.
Donald Mullens, the paramedic who rendered first aid to appellant, testified that appellant told him she was driving. During the testimony of the paramedic, the state apprised the trial court during a sidebar conference that Paramedic Mul-lens was going[1] to testify that appellant told him that she was driving. Defense counsel objected, arguing that although appellant had received a copy of the paramedic’s report, he had not been previously advised that appellant admitted driving.
*829 The report entitled “Boca Raton Fire Rescue Patient Report” contained information obtained directly from appellant. The report contains her medical history, medications, vital signs, and her level of alertness. It also includes a “Patient Report Narrative”.
The pertinent portion of the narrative report is as follows:
Patient Report Narrative by Donnie Mullens (JA)
ATF 37 YR OLD FEMALE PT. UNDER CARE OF E 6 CREW. HAD A 2 CAR MVA WITH SERIOUS DAMAGE TO BOTH VEHICLES WITH A ROLLOVER TO THIS PT. OTHER VEHICLE HAS A FATALITY. WE HAVE 2 PT. PT 1 IS A FEMALE WHO WAS THE DRIVER. SHE HAD HER SEATBELT ON AND BOTH FRONT AIRBAG DEPLOYED. PT. WAS OUT OF VEHICLE ON OUR ARRIVAL AND SITTING AT ROADSIDE.
I. Richardson violation:
After a Richardson hearing, the trial court found no Richardson violation and that appellant’s statement was properly disclosed. Florida Rule of Criminal Procedure 3.220(b)(1)(C) imposes upon the state a duty to disclose any statements made by a defendant. This report had in fact been supplied to appellant’s attorney well in advance of the trial. The name and address of Donnie Mullens had been supplied as a witness, having heard a different statement from appellant (one that was not reflected in the narrative report). The trial judge after a complete inquiry, found that Paramedic Mullens had been adequately disclosed as a witness who had been present when appellant stated that she was the driver and that her statement had been adequately disclosed. This hearing conformed to the requirements of Richardson v. State, 246 So.2d 771 (Fla.1971). Under Richardson, when a discovery violation is alleged, the standard of appellate review is whether the trial court abused its discretion in determining if a violation occurred and if so, whether it was inadvertent, and not prejudicial to the preparation of the defense. Here, the trial court found there was no discovery violation. We find that the record supports the decision of the trial court and therefore we find no error in the admission of appellant’s statement made to the paramedic.
II. Mr. Manning’s failure to appear at trial
When the trial began on December 14, 1998, appellant requested a writ of attachment (a bench warrant) for Mr. Manning. Appellant’s attorney believed he knew where to find Mr. Manning. Also, appellant had been in contact with Mr. Manning by telephone since the crash. Appellant had personally served Mr. Manning with a trial subpoena on November 20,1998, to appear on November 30 at 9:00 a.m., two weeks prior to the first actual day of the trial. With the subpoena was a note requesting the witness call the attorney’s office for the exact date and time, but he never called. Mr. Manning had been served while he was a patient at Delray Community Hospital, about to be Baker Acted.
Appellant made no effort after November 20 to inform Mr. Manning of when he was expected to appear at the trial.[1] On *830 the first day of trial appellant sought his arrest for failing to appear. The trial court declined to order his arrest under those circumstances and required that Mr. Manning be served again with actual notice as to when to appear. The court agreed to issue a bench warrant if the new subpoena did not produce the witness.
Appellant claims the court erred in failing to issue a bench warrant. She argues that it would have been futile to notify Mr. Manning when to appear, but the court obviously felt that it would not have been futile and informed appellant what was required. Appellant made no effort to notify Mr. Manning or comply with the court’s instruction.
Article I, Section 16(a) of the Florida Constitution provides the accused with the right to compulsory process for witnesses. This right would be illusory if process was not judicially enforced when necessary. State v. Dewell, 123 Fla. 785, 167 So. 687 (1936). In this instance, however, appellant failed to demonstrate that it was necessary to enforce the process. A bench warrant would have been premature. Therefore the trial court correctly refused to order the witness’ arrest.
As to the remaining points on appeal: appellant’s claim of perjured testimony, the refusal to admit Mr. Manning’s videotaped statement, the calculation of points under the sentencing guidelines and the cross appeal questioning the downward departure sentence, we find no error.
AFFIRMED.
KLEIN and GROSS, JJ., concur.

. Mr. Manning was served with his subpoena on November 20. On November 30 at a hearing on appellant’s motion to continue, appellant’s attorney stated to the court:
What we’ve agreed to do, Your Honor, is in lieu of Mr. Manning’s live attendance at the trial, the state has a recorded statement of Mr. Manning, and I have a recorded statement, and we've agreed in principle that in lieu of his live testimony the state would be allowed to introduce his taped statement, and I would be allowed to introduce my taped statement, with an instruction to the jury to the effect that he is not here beyond the control of both parties, and they’re not to speculate as to why he is not here.
*830 With that resolved, I will announce ready and withdraw my motion to continue the case.
This stipulation was never acted upon by appellant during at the trial.
The withdrawal of the motion to continue illustrates that two weeks before the trial appellant presumed Mr. Manning was not going to appear at the trial. The agreement that both sides could introduce prerecorded statements by Mr. Manning, indicates that Appellant never intended up to the first day of trial to call him as a witness. This may explain why no effort was made to notify him up to that point. It does not explain why no effort was made after that point.